NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0185n.06
Filed: March 15, 2006

No. 04-2168

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DONALD A. TURNER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| UNUM PROVIDENT CORPORATION, | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

Before: CLAY and COOK, Circuit Judges; and RICE, District Judge.[*]

COOK, Circuit Judge. Donald Turner appeals a district court's order denying his motion for summary judgment and dismissing his claim that UnumProvident Corporation ("Unum") breached a disability insurance policy ("Policy") issued by Paul Revere Life Insurance Company ("Paul Revere"), a wholly-owned subsidiary of Unum, by incorrectly computing the Cost of Living Allowance ("COLA") in its monthly disability payments to him. Finding no error in the district court's decision, we affirm.

I

---

[*] The Honorable Walter Herbert Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

In a prior action, Turner, an attorney claiming to be disabled from the practice of law, sued Paul Revere alleging that it improperly denied him disability-income insurance benefits under the Policy. The district court agreed with Turner that he was entitled to benefits under the Policy and directed him to submit a proposed judgment for entry. Turner's proposed entry calculated damages as past-due annual benefits plus an annually-compounded seven-percent COLA. Unum challenged the proposed judgment's interest calculation, but not the compounding of the COLA. The district court entered judgment against Unum consistent with the entry Turner submitted. Paul Revere satisfied that judgment and has since paid Turner's monthly benefit, including annual COLA increases, but not a seven percent compounding increase.

The present action concerns the same policy, with Turner alleging that since the time of the prior judgment, Unum has breached the Policy's COLA rider by not compounding annually the seven-percent COLA. Turner moved for summary judgment, maintaining that Unum, by agreeing to a damages figure in the original judgment that calculated unpaid COLA on a compounded basis, was barred by res judicata from re-litigating that issue. Unum, in turn, moved to dismiss or, alternatively, for summary judgment, and Turner responded with a cross-motion for summary judgment. The district court considered the arguments supporting the various motions and dismissed Turner's claim, ultimately concluding that, as a matter of law, the COLA rider entitled Turner to just the seven percent annual adjustment, not compounding of that adjustment. On appeal, Turner challenges the district court's decision to deny his motion and cross-motion for summary judgment.

II

We review de novo the district court's decision to dismiss Turner's complaint. Turner alleges that Unum breached the Policy by failing to compound his COLA payments, contending that because the prior judgment for past years' unpaid benefits included an annually-compounded COLA, res judicata (claim preclusion) should prevent Unum from litigating whether the Policy requires the COLA be compounded. The district court rejected the argument, first deciding that Turner's argument was "more properly dealt with as a matter of issue preclusion" and then concluding that Turner "fails to show that at any point in the prior lawsuit the parties litigated and this Court decided the issue of whether COLA should be compounded," a prerequisite to issue preclusion (collateral estoppel). Noting that the "original litigation focused exclusively on whether [Turner] was disabled and therefore entitled to receive disability benefits," the court concluded that "collateral estoppel or issue preclusion does not apply" and thus "Plaintiff is not entitled to judgment as a matter of law."

Turner argues that the district court erred by treating his argument as one advancing issue preclusion and "by failing to perform a proper 'claim preclusion' analysis." We disagree. We find instead that the district court appropriately differentiated between the doctrines of claim and issue preclusion and correctly found the latter inapt.

The doctrine of claim preclusion establishes that a judgment in a prior suit between the same parties is final not only as to all matters offered and received to sustain the claim, but also as to

matters that might have been offered for that purpose. *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). Its purpose generally is to prevent parties from "claim splitting." Turner contends that res judicata should bar Unum from asserting a claim here that it should have asserted in the prior action. Yet Unum did not assert any *claim* in the prior action—it was a defendant—and thus claim preclusion does not apply, as the district court observed. And it is only *claim* preclusion that aids Turner's cause. His argument concerns claims that could have been raised, and with *issue* preclusion, only claims actually litigated warrant preclusive effect. Turner did not litigate the compounding method of COLA computation in the prior litigation, so no preclusive effect attends that issue here. Issue preclusion dictates that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). Although the parties compounded the COLA for purposes of the prior judgment, the issue was not judicially resolved and thus remains a proper subject of litigation in a later suit. The district court correctly determined that issue preclusion did not foreclose Unum raising defenses to Turner's COLA-compounding claim, and that claim preclusion did not apply.

III

Turning to the merits of his claim, Turner contends that the terms of the Policy's COLA rider plainly require Unum to compound the COLA and that Unum, by failing to compound the COLA, breached the Policy. The rider provides in relevant part that the COLA

> benefit will start on the 366th day of the Disability. This benefit will be paid monthly. The amount We will pay starts at 7 percent of the Base Amount. The Base Amount is the monthly amount of the Total or Residual Disability benefit payable under Your Policy. . . . We will later add 7 percent of the Base Amount to the monthly amount of this benefit. We will do this on each anniversary of Your Disability, after the first, while it continues.

Turner argues that the word "starts" implies that the COLA will increase on a compounded basis.

The district court correctly concluded that the Policy does not require Unum to compound the COLA, entitling Unum to judgment as a matter of law on Turner's breach-of-contract claim. By its plain language, the Policy instructs Unum to *add* seven percent of the Base Amount—"the monthly amount of the total or residual disability benefits payable under the policy"—to the Base Amount on each anniversary of the disability, excluding the first. The word "starts" indicates the COLA begins at seven percent of the Base Amount in the first year in which the COLA becomes payable. In each succeeding year, Unum must increase the COLA amount by another seven percent of the Base Amount. "Base Amount" is a defined term, and no language suggests that *it* should increase year-to-year. The district court reasonably read the word "starts" as corresponding to the benefit thereafter increasing annually. The total benefits increase, but only by fixed increments.

The word "starts" did not persuade the district court that the COLA must be compounded, and we are not persuaded that the district court erred.

IV

Because Unum did not breach the Policy by failing to compound the COLA, we affirm the district court's dismissal of this suit. And since Turner did not move for judgment as a matter of law, we determine that the only logical conclusion to be drawn from the wording of the court's decision is that it sustained Unum's FED. R. CIV. P. 12(b)(6) motion, finding Turner unentitled to compounding as a matter of law.

AFFIRMED